IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NUFIX INC**, et al.            ] | |
|             ] | |
|     **Plaintiff,**      ] | |
|             ] | |
| v.           ] | CV-10-BE-1747-S |
|             ] | |
| **MINSURG CORPORATION INC**, et al.,    ] | |
|             ] | |
|     **Defendants.**      ] | |

**MEMORANDUM OPINION**

This declaratory judgment action centers around a dispute as to whether Plaintiffs' medical products infringe upon a patent issued to Defendant minSURG in May of this year. Shortly after NuFix and Nutech filed this declaratory judgment, minSURG filed suit against them and numerous other defendants in the Middle District of Florida alleging infringement of six related patents.  The Plaintiffs ask this court to enjoin the prosecution of the Florida suit against it under the 'first-to-file' doctrine.  The Defendant seeks dismissal of this case on various grounds or transferral to the Middle District of Florida to proceed with the other action there. For the reasons stated below, the court finds that this case should be transferred to the Middle District of Florida to promote judicial economy and to avoid conflicting decisions.

The motions before the court that provoke this ruling are the Plaintiffs' Emergency Motion for Injunction (Doc. 16), and Defendants' Second Motion to Dismiss or, in the Alternative to Stay or Transfer (Doc. 20).  Both motions have been thoroughly briefed by the parties. Because the court determines that transfer is appropriate, it will deny Plaintiffs' motion

1

for an injunction and will not reach the Defendant's motion to dismiss.

A similar case involving minSURG's patent was pending before Judge Proctor of this court: Frontier Devices Inc. v. minSURG Corp., Case No. 2:10-CV-01796-RDP. Frontier also sought declaration of non-infringement and is also a named defendant in the Florida action. On similar motions, Judge Proctor determined that the Frontier case should be transferred to Florida. The undersigned consulted with Judge Proctor and agrees with his decision and the analysis that supports it, and adopts and incorporates portions of the Memorandum Opinion filed in that action

    I.    Background and Procedural History

The Plaintiffs Nutech and NuFix are organized under the laws of Alabama with their principal place of business in Birmingham, Alabama. Nutech, incorporated in 1994, develops and distributes medical and orthopedic products. NuFix was incorporated in 2007 to design and market a facet antimigration dowel allograft that is used to fuse joints in the human spine. NuFix produces and Nutech distributes the NuFix allograft. (Doc. 28-1).

Defendant minSURG Corporation was incorporated in 2004, and Defendant minSURG International was incorporated in 2008; both entities are Florida corporations. (The two entities will be referred to collectively as "minSURG.") On May 4, 2010, the United States Patent and Trademark Office issued the patent that forms the basis of this litigation. That patent, referred to as the "'761" patent, covers the "Spinal Plug for a Minimally Invasive Facet Joint Fusion System."

Prior to the issuance of that patent, NuFix contends that minSURG approached doctors and hospitals with which NuFix had established relationships and represented that the NuFix

product infringed on the soon-to-be issued patent. NuFix claims that it did not learn of these communications until after it received a letter from minSURG on June 3, 2010, advising of potential infringement on the '761 patent and welcoming the opportunity for discussion. (Doc. 28-1).

On June 29, 2010, NuFix and Nutech filed suit in this court seeking a declaration of non-infringement and also asserting unfair competition and false advertising claims under the Lanham Act. (Doc. 1). On July 19, minSURG sued NuFix, Nutech, Frontier, and numerous other defendants for patent infringement in the Middle District of Florida, Case No. 8:10-CV-1589-VMC-EAJ.

In the pending motions, NuFix seeks to enjoin the Florida court proceeding, invoking the 'first-to-file' doctrine. minSURG seeks dismissal of the case or transfer of it to be considered in the Florida case.

II.     Analysis[1]

    A.     **First-to-File Rule**

The "first-filed rule" is a well-established rule of comity which provides that when parties have filed competing or parallel litigation in separate courts, the first court to obtain jurisdiction is generally the one which should hear the case. *Allstate Ins. Co. v. Clohessy*, 9 F.Supp.2d 1314, 1315-16 (M.D. Fla. 1998); *see also Manuel v. Convergys Corp.*, 430 F.3d 1132, 1136 (11th Cir. 2005). The purpose of the rule is to promote judicial efficiency by avoiding (1) waste and duplication, (2) rulings which may undermine the authority of sister courts, and (3) piecemeal

---

[1]The analysis section is taken from Judge Proctor's well-reasoned opinion in Frontier v. minSURG, Case No. 2:10- CV-01796-RDP.

resolution of issues that call for a uniform result. *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985). However, "the first-filed rule should not be applied too rigidly or mechanically and a [d]istrict [c]ourt may in its discretion decline to follow the first-filed rule if following it would frustrate rather than further these purposes." *United States v. 22.58 Acres of Land*, 2010 WL 4311254, *5 (M.D. Ala. 2010) (citing *Alltrade, Inc. v. Uniweld Prods, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)). In particular, a district court may, in order to avoid duplicative litigation, decline to exercise jurisdiction over a declaratory judgment action where an infringement action involving the same parties and patents is pending in another federal district court. *See Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-96 (9th Cir. 1982). Such a result is warranted in a case such as this case involving disputes over patents. "Avoiding piecemeal litigation in the 'complex and technical area of patent and trademark law' is desirable." *Excentus Corp. v. Kroger Co.*, 2010 WL 3606016, *4 (N.D. Tex. 2010) (quoting *Wolf Designs, Inc. v. Donald Mcevoy Ltd., Inc.*, 341 F.Supp.2d 639, 645 (N.D. Tex. 2004) (citing *Whistler Group, Inc. v. PNI Corp.*, 2003 WL 22939214, *5 (N.D. Tex. 2003))).

Generally, "the 'first-filed' court, is the more appropriate forum in which to determine whether the first-filed case should proceed, or whether it should give way for reasons of judicial economy to th[e later-filed] action." *See, e.g., Supreme Intern. Corp. v. Anheuser-Busch, Inc.*, 972 F.Supp. 604, 607 (S.D. Fla. 1997).

> District courts have the discretion to dispense with the first-to-file rule where equity so demands. A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing. Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, *anticipatory suits, and forum shopping*.

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551-52 (6th Cir. 2007) (emphasis in original) (quoting *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*, 16 Fed.Appx. 433, 437 (6th Cir. 2001)).  "Cases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit." *Certified Restoration Dry Cleaning Network, L.L.C.*, 511 F.3d at 552 (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n. 8 (6th Cir. 2004) (in turn quoting *UAW v. Dana Corp.*,1999 WL 33237054, at *6 (N.D. Ohio 1999))).

Application of these concepts to the situation at hand, and taking into consideration the anticipatory nature of the filing of this case, leads to the conclusion that this court should transfer the claims before it to the Middle District of Florida where all of the claims related to this controversy can be heard before one court without the risk of inconsistent rulings.

**B.     28 U.S.C. § 1404(a)**

This court not only has the authority to determine that the first-filed rule does not apply and therefore transfer the case to a different forum, *Goldsby v. Ash,* 2010 WL 1658703, * 2 (M.D. Ala. 2010), but also, under 28 U.S.C. § 1404(a), a district court may transfer any civil action to a district where it could have been brought for (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. 28 U.S.C. § 1404(a); *Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).  For the reasons stated below, the court concludes that this case should be transferred to the Middle District of Florida not only because the first-to-file rule is inapplicable, but also in the interests of justice and judicial economy.

As a threshold matter, the court must consider if the case "might have been brought" in the transferee court. 28 U.S.C. § 1404(a). The court must also ask whether the balance of factors under § 1404(a) weighs in favor of transferring this action to the transferee court. 28 U.S.C. § 1404(a). "District courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994). The decision of whether a case should be transferred under § 1404(a) is "'an individualized case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

### 1.     This Case Could Have Been Brought in the Middle District of Florida.

The court begins its analysis by observing that without question this case originally could have been brought in the Middle District of Florida. Defendant minSURG is a Florida corporation with its principal place of business in Clearwater, Florida which is in the Middle District of Florida. Plaintiffs NuFix and Nutech have not argued that the Middle District of Florida lacks jurisdiction over them or this controversy.

### 2.     The Balance of the Relevant Factors Weighs in Favor of Transfer.

Having decided that the Middle District of Florida is a proper transferee district, the court must now "decide whether the balance of convenience favors transfer." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 504 (M.D. Ala. 1994). In applying the law to the facts and allegations in the instant case, the court finds that Defendants seeking transfer to the Middle District of Florida have satisfied their burden of demonstrating that this action should be transferred "in the interest of justice." 28 U.S.C. § 1404(a). The analysis under § 1404(a) requires a balancing of practical considerations, including systematic integrity and fairness. The

6

overarching factor here weighing undoubtedly in favor of transfer is judicial economy. "Avoiding piecemeal litigation in the 'complex and technical area of patent and trademark law' is desirable." *Excentus Corp. v. Kroger Co.*, 2010 WL 3606016, *4 (N.D. Tex. 2010) (quoting *Wolf Designs, Inc. v. Donald Mcevoy Ltd., Inc.*, 341 F.Supp.2d 639, 645 (N.D. Tex. 2004) (citing *Whistler Group, Inc. v. PNI Corp.*, 2003 WL 22939214, *5 (N.D. Tex. 2003))). To allow this case and the one previously before Judge Proctor to proceed in addition to the case in the Middle District of Florida would countenance piecemeal litigation and leave open the possibility of inconsistent rulings.

Admittedly, Plaintiff actually seeks to enjoin the Florida litigation. However, Plaintiff here is not the only Defendant in the Florida litigation. Thus, even enjoining that case on the claims against Plaintiff would not avoid piecemeal litigation. The only manner of avoiding piecemeal litigation in this circumstance is to transfer Plaintiff's claims in this case to the Middle District of Florida to proceed with all the other claims related to minSURG's patents. The complexity and technical nature of patent litigation makes it especially problematic to have two (or more) different courts adjudicating the same claims. Transfer will prevent unnecessary duplication of effort and inconsistent rulings.

The court readily concludes, after undertaking the appropriate balancing of factors, that this case is due to be transferred under § 1404(a) to promote judicial economy. This is a common sense approach because there are too many courts in too many different judicial districts addressing piecemeal aspects of this controversy.

In addition to the factors noted by Judge Proctor, this court recognizes that § 1404 (a) requires consideration of the convenience of parties and witnesses, as well as the interest of

justice.  Admittedly, the transfer will work an inconvenience to Plaintiffs NuFix and Nutech as small Alabama-based companies, particularly to their majority shareholder Ken Horton. However, as recognized in Mr. Horton's declaration, this dispute will involve "witnesses across the country."  (Doc. 28-1).  Except for Plaintiffs' unfair competition witnesses, both the Plaintiffs and Defendants assert that their respective witnesses and documents are found in their home states, and that litigation elsewhere will work hardship on these small companies.  The hardships in litigating other than in their chosen forum balance each other out.  The court agrees with Judge Proctor that the overriding concern here focuses on the interest of justice in avoiding duplication of judicial resources and potential inconsistent results.  The only way to meet that concern is to transfer this case to Florida where all related cases can be handled together.

### III.   Conclusion

Accordingly, the court finds that the balance of factors weighs in favor of transfer to the Middle District of Florida, where the case could have been filed originally.  Therefore, Defendants' Second Motion to Dismiss Or, in the Alternative, To Stay or Transfer (Doc. 20),  is due to be granted in part in as much as it seeks a transfer, but the court does not reach the issues raised in the motion to dismiss.  Plaintiffs' Emergency Motion (Doc. 16) will be denied.  The court will enter a separate order in accordance with this memorandum opinion.

DONE and ORDERED this 1st day of October, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE